# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>       Plaintiff,<br><br>v.<br><br>TARIA AESTHETICS AVENUE LLC D/B/A LACE SKN,<br><br>       Defendant. | Case No. 1:26-cv-1734<br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS by and through her undersigned counsel, brings this Complaint against Defendant, TARIA AESTHETICS AVENUE LLC D/B/A LACE SKN, and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2.     Tamara Williams ("Williams") is an individual and professional photographer residing in Germany.

3.     Upon information and belief, Taria Aesthetics Avenue LLC d/b/a Lace Skn ("Lace Skn") is a Texas limited liability company with its principal place of

1
COMPLAINT

business in Lakeway, Texas.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

5. This Court has personal jurisdiction over Defendant because Defendant have a physical presence in the State of Texas and/or Defendant transact business in the State of Texas.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendant or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

7. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

8. Williams' work has been featured in top publications such as *Vogue*, *Harper's Bazaar*, *Marie Clare*, *Elle*, *L'Officiel*, *Glamour*, *Cosmopolitan*, *Maxim*,

COMPLAINT

and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

9.    Williams's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work deters would-be infringers from copying and profiting from her work without permission.

10.    Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a brown-eyed model with two fingers placed on her brow ("Christina Photograph").

11.    Attached as Exhibit A is a true and correct copy of the Christina Photograph.

12.    Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a blue-eyed model with a strand of hair blown across her cheek ("Belle Photograph").

13.    Attached hereto as Exhibit B is a true and correct copy of the Belle Photograph.

14.    Williams registered the Christina Photograph with the United States Copyright Office under Registration Number VA-2-116-920 with an Effective Date of Registration of August 23, 2018.

15.    Attached as Exhibit C is a true and correct copy of the Copyright

COMPLAINT

Registration Certificate for the Christina Photograph.

16.    Williams registered the Christina Photograph with the United States Copyright Office under Registration Number VA 2-116-919 with an Effective Date of Registration of August 23, 2018.

17.    Attached as Exhibit D is a true and correct copy of the Copyright Registration Certificate for the Belle Photograph.

18.    The Christina Photograph and the Belle Photograph shall be jointly referred to as the "Beauty Photographs."

### Defendant Lace Skn and Unlicensed Use of the Beauty Photographs

19.    Lace Skn is a medical spa offering services such as injections, facials, and more. *See generally* www.taavenue.com.

20.    Upon information and belief, Lace Skn owns and operates the Instagram account @lace.skn www.instagram.com/lace.skn ("Defendant's Instagram Account").

21.    At all relevant times, the Defendant's Instagram Account was readily accessible to the general public throughout Texas, the United States, and the world.

22.    Lace Skn generates content on the Defendant's Instagram Account for commercial purposes to attract user traffic to Lace Skn, to market and promote Defendant's services, and to increase the customer base and revenue for Defendant.

23.    At all relevant times, Lace Skn had a direct financial interest in the

4
COMPLAINT

content and activities of the Defendant's Instagram Account (including the activities alleged in this Complaint).

24. At all relevant times, Lace Skn had the ability to supervise and control all content on the Defendant's Instagram Account.

25. On or about September 6, 2025, Williams discovered her Christina Photograph being used in a post on the Defendant's Instagram Account ("Christina Infringement").

26. Attached hereto as Exhibit E is a true and correct screenshot of the Christina Infringement on the Defendant's Instagram Account.

27. On or about September 6, 2025, Williams discovered her Belle Photograph being used in a post on the Defendant's Instagram Account with the word "Offering brows, lashes, and lip treatments now !! DM for bookings beauties" ("Belle Infringement").

28. Attached hereto as Exhibit F is a true and correct screenshot of the Belle Infringement on the Defendant's Instagram Account.

29. The Christina Infringement and the Belle Infringement shall be jointly referred to as the "Infringing Posts."

30. The purpose of the use of the Infringing Posts on the Defendant's Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Defendant's marketing goals to entice users to book an appointment

COMPLAINT

for services with Defendant.

31.    The purpose of the use of the Beauty Photographs in the Infringing Posts was to promote Defendant's services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Defendant's services.

32.    Williams did not provide permission or authorization to Defendant to use, make a copy of, or publicly display the Beauty Photographs on the Defendant's Instagram Account.

33.    Defendant, including its employees, agents, contractors or others over whom it has responsibility and control, created unauthorized copies of the Beauty Photographs and caused it to be uploaded to and displayed on the Defendant's Instagram Account.

34.    Defendant, including its agents, contractors or others over whom they have responsibility and control, used, displayed, published, and otherwise held out to the public Williams's original and unique Beauty Photographs in order to acquire a direct financial benefit, through revenue from the sales of Lace Skn's services and products, from the use of the Beauty Photographs.

35.    After discovering the unauthorized use of the Beauty Photographs, Williams, through counsel, sent correspondence to Defendant in an attempt to resolve this matter.

6<br>COMPLAINT

36.     The parties were unable to resolve the matter.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, *et seq.*

37.     Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Williams owns valid copyrights in the Beauty Photographs

39.     Williams registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40.     Defendant, including the employees, agents, contractors or others over whom they have responsibility and control, copied and displayed Williams's unique and original Beauty Photographs without Williams's consent or authorization in violation of 17 U.S.C. § 501.

41.     Defendant willfully and deliberately infringed upon Williams's rights in her copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant knew, or should have known, they did not have a legitimate license or permission to use Beauty Photographs.

42.     As a result of Defendant's violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

43.     As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the

7
COMPLAINT

infringement, pursuant to 17 U.S.C. §504(b), or at Williams's election, statutory damages pursuant to 17 U.S.C. § 504(c).

44.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE**, Williams prays for judgment against Defendant, jointly and severally, as follows:

- For a finding that Defendant infringed Williams's copyright interest in the Beauty Photographs by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Williams's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 26, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
15900 La Cantera Parkway #26255
San Antonio, TX 78256
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

9
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: June 26, 2026                        Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
15900 La Cantera Parkway #26255
San Antonio, TX 78256
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

10
COMPLAINT